# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES A. SMITH, JR.,

    Plaintiff,

    v.                                                   Case No. 06-C-65

E. MICHAEL MCCANN,

    Defendant.

## DECISION AND ORDER

On January 17, 2006, plaintiff James A. Smith, who is incarcerated at Wisconsin Secure Program Facility, filed a complaint in this court pursuant to 28 U.S.C. § 2201 along with a motion for leave to proceed in forma pauperis. On February 24, 2006, the court denied the plaintiff's motion for leave to proceed in forma pauperis because he had acquired three "strikes" under 28 U.S.C. § 1915(g)[1], and the complaint did not allege that the plaintiff is under imminent danger of serious physical injury. Furthermore, the court ordered that this action would be dismissed unless the plaintiff paid the full filing fee of $250.00 on or before March 17, 2006.

---

[1] Under the Prison Litigation Reform Act of 1996, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Although the plaintiff has not paid the filing fee, he has filed several documents that need to be addressed. First, on March 2, 2006, the plaintiff filed a letter requesting that the court appoint counsel in order to prosecute this case as well as other cases he has brought in this district.

Second, on March 6, 2006, the plaintiff filed a "Motion for Reconsideration Waiving the Statutory Filing Fee in the Interest of Justice." (Docket #7). In this motion, the plaintiff acknowledges that he has received three strikes and therefore is precluded from proceeding in forma pauperis unless under imminent danger of serious physical injury. However, he asks the court to make an exception in this case and allow him to proceed without prepayment:

> Therefore the court should recognize that the horrendous ordeal I've endured over a period of eight to eleven years is a typical and significant hardship and constitutional deprivation underlying the claim that E. Michael McCann abuse of power [sic] in charging me with Robbery and Armed Robbery pursuant to Wisconsin Statute 943.32(1)(a) and 943.32(2). As proven and viewed in light of the evidence before this court as a whole would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(b)(2).

(Plaintiff's Motion ¶ 79.)

Third, on March 15, 2006, the plaintiff filed an "Amended Complaint Seeking Relief Pursuant to 28 U.S.C. § 2201 In Forma Pauperis." (Docket #8). The plaintiff requests that the court allow him to proceed in forma pauperis because he is under imminent danger of serious physical injury and, thus, falls under that exception to the three-strikes rule. (Amended Complaint ¶ 2; 28 U.S.C. § 1915[g]). The proposed amended complaint recounts in great detail the procedural history of several of the plaintiff's cases that he brought in this court and in the United States District Court for the Western District of Wisconsin. Also included are some of the plaintiff's involvements with the Wisconsin Department of Correction's Inmate

Complaint Review System. However, these are not the focus of the plaintiff's claim in this case; rather, in this case, the plaintiff is claiming that his 1994 conviction is unlawful and that defendant McCann is responsible for that conviction. According to the plaintiff, the conviction resulted in the plaintiff's incarceration which led to violations of his rights and the need to file lawsuits. The plaintiff states:

> For years I have been denied due process and equal protection by the defendant who caused me deprivation of rights [and] privileges secured by the constitution. By charging me in a criminal complaint with the crime Robbery pursuant to Wis. Stat. 943.32(1)(a) but calling the crime Armed Robbery with intent to defraud the Milwaukee County Circuit Court and the plaintiff. Thereby committing the crime Forgery in violation of Wis. Stat. 943.38.
>
> The existence of a criminal conspiracy involving people with credentials so lofty that the plaintiff has suffered a significant deprivation. Therefore the plaintiff is requesting the court vacate the plaintiff conviction in State v. Smith #94CF940760 to stop the abuse of power in violation of the Constitution which this court must uphold.

(Amended Complaint ¶¶ 54-55.)

Finally, on March 16, 2006, the plaintiff filed a "Motion for Appointment of Counsel" (Docket #9). He seeks counsel so that he can adequately prosecute this case.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff must allege a physical injury that is imminent or occurring at the time the complaint is filed, and the threat or prison condition causing the physical injury must be real and proximate. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Lewis v. Sullivan, 279 F.3d 526, 529 [7th Cir. 2002] and Heimermann v. Litscher, 337 F.3d 781 [7th Cir. 2003]). In Heimermann, a prisoner plaintiff who had "struck out" under 28 U.S.C. § 1915(g) sought leave to proceed in forma pauperis under the imminent danger exception. The plaintiff, a Wisconsin inmate, contested his murder conviction, alleging that he was framed by various Milwaukee

- 3 -

County officials who then conspired with officials at the Wisconsin Department of Corrections to prevent him from clearing his name. Heimermann, 337 F.3d at 781. He further alleged that in 1998 prison officials recruited him to assist with a "string" operation against a prison guard. However, he alleged that afterwards he was kept in the general prison population, leaving him open to reprisal as a "snitch" and thus in imminent danger of serious physical injury. Id. The Seventh Circuit Court of Appeals affirmed the district court's refusal to apply the imminent danger exception to the plaintiff's situation:

> We agree with the district court. The "imminent danger" exception to § 1915(g)'s "three strikes" rule is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). Any danger Heimermann might have experienced between 1998 and 2000 does not supply a basis for an exception in July 2002. And although Heimermann, apparently understanding this, now argues that he did experience imminent danger at the time his complaint was filed, his change of course at this stage of the proceedings is unavailing.

Id. at 782.

In this case, the plaintiff's allegations do not fall under the imminent danger exception to the three strikes rule, since he did not allege any real and proximate injury when the complaint was filed or in the amended complaint. Therefore, the plaintiff's motion for reconsideration will be denied. Since the plaintiff has not paid the filing fee, his case will be dismissed. However, the plaintiff still owes the balance of the filing fee and that will be collected as set forth below. See Newlin v. Helman, 123 F.3d 429, 436-37 (7th Cir. 1997) (rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000)).

The plaintiff is now aware that 28 U.S.C. § 1915(g) applies to him. Therefore, if he files another complaint and petition for leave to proceed in forma pauperis, he may be subject to an

- 4 -

order under Support Systems International, Inc. v. Mack, 45 F.3d 185 (7th Cir. 1995). An order under Mack requires the clerk of the court to return civil complaints and related pleadings unfiled, without even presenting them to judges, until the plaintiff's debt to the judicial system has been paid. Id. at 186.

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for reconsideration (Docket #7) be and hereby is **denied**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to appoint counsel (Docket #9) be and hereby is **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment dismissing the plaintiff's claims and this action.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $249.56 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated at Milwaukee, Wisconsin this 28th day of March, 2006.

BY THE COURT:

s/ Rudolph T. Randa
RUDOLPH T. RANDA
Chief United States District Judge